IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE OHIO STATE UNIVERSITY

Plaintiff,

v.

ADAM S. WOODBURY

and

CHOKE ON THESE NUTS, LLC

Defendants.

Case No. 2:13-cv-00989
Judge Watson

**STIPULATED FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff The Ohio State University ("Ohio State") and Defendants, Adam S. Woodbury., an individual and Choke On These Nuts, LLC. (both collectively referred to herein as "Defendants") submit to the Court the following Stipulated Final Consent Judgment and Permanent Injunction:

1. Plaintiff Ohio State is a public institution of higher education, with its main campus located in Columbus, Ohio, and regional campuses across the state. The University is dedicated to undergraduate and graduate teaching and learning; research and innovation; and statewide, national, and international outreach and engagement. Both undergraduate and graduate students also connect with the University and broader community through an array of leadership, service, athletic, artistic, musical, dramatic and other organizations and events.

2. Defendant Adam S. Woodbury ("Woodbury") is an individual with an address of 1143 E. Walnut St., Westerville, OH 43081 and Defendant Choke On These Nuts, LLC

1

("Choke") is an Ohio LLC with an address of P.O. Box 921, Lithopolis, Ohio 43136.

3.  Defendants established an LLC that is solely controlled by Defendant Woodbury for the purpose of producing and selling t-shirts in central Ohio using the following logo:



and on July 10, 2011 Defendant Choke filed trademark application Serial No. 85/367351 with the U.S. Patent & Trademark Office ("USPTO") to register the logo shown below as a federal trademark for "hats; hooded sweatshirts; shirts", claiming a date of first use in interstate commerce of March 4, 2011:



2

and such application was registered by the USPTO on February 21, 2012 as Registration No. 4,102,270.

4. This Court has jurisdiction over this matter under 15 U.S.C. § 1125, 28 U.S.C. §1338 and 15 U.S.C. § 1114. This court has the authority to cancel Registration No. 4,102,270 pursuant to 15 U.S.C. § 1119. Venue is proper in this Court under 28 U.S.C. § 1391(b), as Ohio State's cause of action arose and Ohio State is being injured in this judicial district, and because Defendants have purposefully availed themselves of the privilege of doing business in this forum.

5. Established in 1870, The Ohio State University has developed into one of the most well-respected institutions of higher learning in the country.

6. For more than 140 years, Ohio State has been actively engaged in providing undergraduate and graduate level educational courses and a broad array of programming and events, including sports events, recreation programs, and artistic, dramatic, and musical entertainment programming. The University also operates a medical center that has grown into one of the largest patient-care and medical-research centers in the nation. Ohio State licenses and markets various products and services, including publications, clothing, and other merchandise using the Ohio State Trademarks.

7. In connection with the activities and products described in the preceding paragraphs,, Ohio State is the owner of, among others, the following federally registered trademarks:

 a. "OHIO STATE" — registration number 1,294,114, registered September 11, 1984 for providing college level educational programs, sport exhibition events, recreation programs, toy stuffed animals, Christmas decorations, bean bags, plastic figurine toys, foam figurine toys, bats, balls

3

and other equipment sold as a unit for playing a stick ball game, shoe laces, t-shirts, ties, scarves, bibs, sweatshirts, shorts, hats, aprons, jogging suits, sweaters, blankets, pennants, textile placemats, handkerchiefs, quilts, tumblers, cups, mugs, glasses, beverage container insulators, hassocks, bean bag leisure furniture, mirrors, and folding seats for use by individuals in athletic stadiums, tote bags, pens, posters, decals, paintings, letter holding boxes, rings, pins, belt buckles, key chains and electric lamps;

b. "OHIO STATE"-registration number 1,152,682, registered April 28, 1981 for college sport exhibition events and recreation programs, dramatical and musical entertainment events and college level educational courses;

c. "OSU" — registration number 1,121,595, registered July 3, 1979 for college sport exhibition events and recreation programs, dramatical and musical entertainment events and college level educational courses;

d. "OHIO STATE UNIVERSITY" — registration number 1,294,115, registered September 11, 1984 for jewelry-namely, rings, pins, belt buckles and key chains; pens, posters, decals, paintings, letter holding boxes; hassocks, bean bag leisure furniture, plaques, mirrors and folding seats for use by individuals in athletic stadiums; tumblers, cups, mugs, glasses and beverage container insulators; : blankets, pennants, textile placemats, handkerchiefs and quilts; clothing-namely, t-shirts, ties, scarves, bibs, sweatshirts, shorts, hats, aprons, jogging suits and sweaters; toy stuffed animals, Christmas decorations, bean bags, plastic figurine toys, foam figurine toys, and equipment-namely, bats and balls sold as a unit for playing a stick ball game; and : providing college level educational programs, sport exhibition events and recreation programs; and



e. registration number 2,689,612, registered February 25, 2003 for clothing, namely, jackets, sweaters, hats and T-shirts.

4



f.  Ohio State Athletic Logo                         Registration Numbers 2040784; 2039181 2040783; 2040782; 2039180; 2039179; 2039178; 2039177; 2039176; 2094602; and 2047903.

8.  The certificates of registration are prima facie evidence of the validity of the registered trademarks, Ohio State's ownership of the registered trademarks, and Ohio State's exclusive right to use the registered trademarks in connection with the goods and services specified in the certificates of registration enumerated above. All of the registered marks are incontestable, which provides conclusive evidence of their validity under 15 U.S.C. § 1115(b), and constructive notice of the registrant's claim of ownership under 15 U.S.C. § 1072.

9.  In addition, Ohio State licenses and owns common law trademarks in the distinctive use of its school colors, scarlet and gray, and in the "O" design.

10. Ohio State has used the registered trademarks and the common law trademarks described above (collectively the "Ohio State Trademarks") continuously and exclusively for identification with Ohio State and its academic, athletic and entertainment activities. The Ohio State Trademarks are strong and their respective reputation and goodwill have continuously grown and are now well known throughout the City of Columbus, the State of Ohio and the United States.

11. The Ohio State Trademarks have become and are now solely associated with Ohio State in the minds of consumers.

12. Defendant is not and has not been licensed by Ohio State to use the red "O" logo depicted in paragraph 3 (above) on any products or services.

13. Prior to filing the lawsuit herein, Ohio State wrote to Defendants and asked them to cease their manufacture, distribution and sale of the shirt depicted in Paragraph 3 (above) using a red "O" logo and to voluntarily cancel Registration No. 4,102,270, but Defendants refused to comply with Ohio State's requests.

14. Ohio State licenses its "O" design for use in connection with clothing items and an example of a licensed scarlet "O" design currently being sold by an Ohio State licensee, Buckeye Corner, is depicted at http://www.buckeyecorner.com/style/NCAA-Womens-Distressed-Wordmark-Slub-T-Shirt/20634108 .



15. Defendants' use of an "O" design in the color red (or scarlet) on clothing is likely to cause consumers to believe that Defendants and/or their products are sponsored, endorsed or affiliated with Ohio State, which is false.

16. Defendants' use of a red (or scarlet) "O" design on clothing constitutes trademark

6

infringement of the rights of Ohio State in its Ohio State Trademarks under 15 U.S.C. § 1114.

**PERMANENT INJUNCTION**

This cause having come on for hearing and by and with the consent of the parties and the Court having been fully advised in the premises, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Defendants and their agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them are permanently enjoined from infringing, or falsely designating the origin of the Ohio State Trademarks, from using the Ohio State Trademarks on goods in any way, and from injuring Ohio State's reputation; and

2. Defendants and their agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them are permanently enjoined from manufacturing, distributing, advertising, marketing, promoting or selling any product, including but not limited to clothing products, that use a red or scarlet "O" (or any reasonable facsimile of a red or scarlet "O") on any product; and

3. Defendants and their agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them are permanently enjoined from using any of the Ohio State Trademarks or names or marks deceptively similar to the Ohio State Trademarks in connection with a website or as metatags, directory names, other computer addresses, invisible data, social media such as Twitter, Facebook, Pinterest or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Ohio State with Defendants.

IT IS FURTHER ORDERED:

1. That this Court has jurisdiction over the parties to and subject matter of this action.

2. That jurisdiction over this cause is retained by this Court for the sole purpose of enforcement of compliance with this Permanent Injunction and for further orders and directions as may be necessary or appropriate from the construction and effectuation of this Final Consent

7

Judgment and Permanent Injunction.

3. That the Director of the U.S. Patent & Trademark Office is hereby ordered, pursuant to 15 U.S.C. § 1119 to cancel trademark Registration No. 4,102,270.

4. That except for the relief herein granted, the above identified civil action, including all claims, counterclaims, and affirmative defenses which Plaintiffs or Defendant have, could have or should have accorded therein, are hereby dismissed with prejudice.

5. Plaintiff and Defendants have waived notice of the entry of this Final Consent Judgment and Permanent Injunction and the right to appeal therefrom or to test its validity; and

6. The parties are to pay their own attorneys' fees.

Dated: *Nov. 5, 2014*

*Michael H. Watson*
United States District Court Judge

8

APPROVED:

Michael DeWine
Ohio Attorney General


By: /s/ Joseph R. Dreitler

Joseph R. Dreitler, Trial Attorney (0012441)
Mary R. True (0046880)
DREITLER TRUE, LLC
137 E. State Street
Columbus, OH 43215
(614) 545-6354
(614) 241-2169 (fax)

jdreitler@ustrademarklawyer.com
mtrue@ustrademarklawyer.com

Attorneys for Plaintiff
The Ohio State University


By: /s/ Jeffrey D. Swick (per authority)

Jeffrey D. Swick, Esq.
P.O. Box 2578
Westerville, OHIO 43086
(614)392-2887
(614)360-3372 (fax)
jeff@swicklawfirm.com

Attorney for Defendants
Adam S. Woodbury and
Choke On These Nuts, LLC.

9